**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. MUSAB MOHAMMED MASMARI, Defendant - Appellant. | No. 14-30155 D.C. No. 2:14-cr-00122-RSM-1 MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted July 7, 2015
Seattle, Washington

Before: NGUYEN and FRIEDLAND, Circuit Judges and CARNEY,** District Judge.

Musab Mohammed Masmari pled guilty to a single count of arson, 18 U.S.C. § 844(i). He appeals his above-Guidelines sentence of 120 months' imprisonment followed by 3 years of supervised release. We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Cormac J. Carney, District Judge for the U.S. District Court for the Central District of California, sitting by designation.

under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Because Masmari failed to object below, we review whether the district court complied with Federal Rule of Criminal Procedure 32(h) for plain error. *United States v. Evans-Martinez*, 530 F.3d 1164, 1167 (9th Cir. 2008). Even assuming that the district court failed to adhere to the strict letter of Rule 32(h), the error did not "affect[] [Masmari's] substantial rights," *see Evans-Martinez*, 530 F.3d at 1167 (quoting *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc)), because Masmari has not demonstrated "the probability of a different result . . . sufficient to undermine confidence in the outcome" of the sentencing. *Ameline*, 409 F.3d at 1078 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74 (2004)). The plea agreement established that the parties would jointly recommend the mandatory minimum of 60 months' imprisonment. Thus, the primary issue at sentencing was whether a longer sentence should be imposed. This issue was thoroughly addressed in the PSR, the parties' sentencing memoranda, and at the hearing. As a result, the underlying purpose of Rule 32(h)—"to ensure that issues with the potential to impact sentencing are fully aired," *Evans-Martinez*, 530 F.3d at 1168—was served in this case, and Masmari failed to show a "probability of a different result" sufficient to justify reversal on

plain error review.[1]  *See Ameline*, 409 F.3d at 1078.

Masmari's sentence was otherwise procedurally reasonable.  *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).  The district court adequately explained the sentence imposed, discussing the factors set forth in 18 U.S.C. § 3553 as they related to Masmari and the offense conduct.  *See, e.g.*, *Gall v. United States*, 552 U.S. 38, 53–56 (2007).  Moreover, the district court did not cross-reference to the Guideline for attempted murder.  *See* U.S. Sentencing Guidelines Manual §§ 2A2.1, 2K1.4(c) (2013).  It merely observed in passing that the sentence imposed was close to what the sentence would have been if the cross-reference had been used.  Thus, Masmari was not entitled to an evidentiary hearing as to whether he acted with the "inten[t] to cause death or serious bodily injury."  *Id.* § 2K1.4(c).  Similarly, the district court did not impose a hate crime enhancement pursuant to Guideline § 3A1.1, so no evidentiary hearing was required as to a potential hate crime motivation.

---

[1] The government conceded plain error in *Evans-Martinez*, 530 F.3d at 1167–68, so all that remained for the court to consider was whether the error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings," *id.* at 1167 (quoting *Ameline*, 409 F.3d at 1078).  Thus, *Evans-Martinez* does not stand for the proposition that a technical violation of Rule 32(h) always requires reversal on plain error review.

Finally, reviewing for abuse of discretion, *United States v. Autery*, 555 F.3d 864, 868–71 (9th Cir. 2009), we conclude that the sentence was substantively reasonable, particularly in light of the large number of lives endangered by Masmari's conduct. *See generally* 18 U.S.C. § 3553(a); *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**